# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,            :        ID No. 1702003570
                             :
        v.                    :
                             :
TERRANCE STOKES,              :
                             :
        Defendant.            :
                             :
                             :
                             :
                             :

## ORDER

On this 16th day of August, 2021, upon consideration of Defendant Terrance Stokes' first motion for postconviction relief, his supplemental filing, and the record in this case, **IT APPEARS THAT**:

1. Defendant filed his first motion for postconviction relief, *pro se,* on February 2, 2021. He then filed a second motion asserting different grounds for relief. The Court considers the second filing to constitute a supplemental filing and has considered the grounds for relief that he has alleged in both filings.

2. The Defendant had pled guilty to Robbery Second and Conspiracy Second charges; the Court sentenced him on those charges on April 11, 2018. He did not appeal his convictions or sentences to the Delaware Supreme Court. Rather, two years and ten months after his plea and sentencing, he filed this motion for postconviction relief.

3. After careful consideration of Mr. Stokes' motion, the Court must summarily deny it because Superior Court Criminal Rule 61(i)(1) bars it. Namely, the Rule provides that:

1

[a] motion for postconviction relief may not be filed more than one year after the judgment of conviction is final or, if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than one year after the right is first recognized by the Supreme Court of Delaware or by the United States Supreme Court.[1]

4. Here, Mr. Stokes filed his motion greater than one year from the date of his conviction and sentencing. Neither his motion for postconviction relief nor his supplemental filing assert a retroactively applicable right that is newly recognized by the Delaware Supreme Court or the United States Supreme Court.[2]

5. Furthermore, Mr. Stokes' filings demonstrate no other exception to the one-year procedural bar. Namely, he does not allege that the Court lacked jurisdiction over his case.[3] Nor did he separately satisfy the pleading requirements set forth in Rule 61(d)(2)(i) or (2)(ii).[4] As a result, Mr. Stokes' motion is time barred.

**NOW, THEREFORE**, after considering Mr. Stokes' filings and the record in this case, the Court **DENIES** his motion for postconviction relief.

**IT IS SO ORDERED**.


/s/Jeffrey J Clark
Resident Judge


JJC/dsc
oc:    Prothonotary
cc:    Stephen R. Welch, Jr., Esquire for DAG S. Smith
       Kevin P. Tray, Esquire
       Terrance Stokes, JTVCC

---

[1] Super. Ct. Crim. R. 61(i)(1).

[2] *See id.* (recognizing this exception to the one-year bar).

[3] *See* Super Ct. Crim. R. 61(i)(5).

[4] *See id* (including exceptions for newly discovered evidence or when a sentence of death is involved).